# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| SANDRA Y. REYES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:18-cv-00828-P |
| § | |
| U.S. BANK NATIONAL § | |
| ASSOCIATION, NOT IN ITS § | |
| INDIVIDUAL CAPACITY BUT § | |
| SOLELY AS TRUSTEE FOR THE § | |
| RMAC TRUST, SERIES 2016-CTT § | |
| AND RUSHMORE LOAN § | |
| MANAGEMENT SERVICE, INC., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants U.S. Bank National Association, not in its individual capacity but Solely as Trustee for the RMAC Trust, Series 2016-ctt's ("U.S. Bank") and Rushmore Loan Management Service, Inc.'s ("Rushmore") Second Motion for Summary Judgment (ECF No. 38). Having considered the motion, related briefing, and applicable law, the Court finds that Defendants' Second Motion for Summary Judgement should be and is hereby **GRANTED.** Plaintiff Sandra Y. Reyes's claims are hereby **DISMISSED with prejudice.**

### BACKGROUND

In connection with the purchase of 2224 Bonnie Brae Avenue, Fort Worth, Texas 76111 ("Property"), on or about November 16, 2005, Carlos Flores ("Flores") executed a

Note ("Note") in the principal amount of $86,000, originally payable to Bank of America, N.A. ("BANA"). *See* Def.'s App. Supp. Mot. Summ. J., Ex. A, A-1 at 8. The Note contains an Allonge with a specific endorsement to U.S. Bank. *Id.* Concurrently with the execution of the Note, Flores and Sandra Y. Reyes ("Plaintiff") executed a deed of trust ("Deed of Trust" or "Security Agreement"), granting BANA, its successors and assigns, a security interest in the Property. *See id.* Ex. A, A-2 14. Defendants' summary judgment appendix includes an Assignment of Deed of Trust ("Assignment") from BANA in favor of U.S. Bank, recorded in the Real Property Records for Tarrant County, Texas, as Instrument Number D217218960. *See id.* Ex. A, A-3 at 35.

Under the terms of the Loan Agreement, Flores was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note. *See id.* Ex. A-1 at 8, A-2 at 14. The Loan Agreement further provided that should Flores fail to make payments on the Note as they became due and payable or should he fail to comply with any or all of the covenants and conditions of the Security Instrument, the lender may then enforce the Security Instrument by selling the Property via foreclosure pursuant to applicable law and in accordance with the provisions set out in the Loan Agreement. *Id.*

Flores defaulted on the Loan Agreement. *See id.* Ex. A, A-4 at 37. The payments scheduled for March 1, 2017, and all subsequent monthly payments are currently due and owing. *Id.* Rushmore sent Flores and Plaintiff a certified letter to the Property. The letter was dated August 18, 2017, and entitled, "Notice of Intent to Accelerate," ("Notice of Default"). *See id.* Ex. A, A-5 at 44. This letter advised Flores and Plaintiff that the Loan

was in default due to Flores's failure to make the required payments. *Id.* The Notice of Default also advised that if a payment of $4,424.25 was not remitted by September 22, 2017, Rushmore intended to accelerate the loan balance and initiate foreclosure proceedings. *Id.* Then in a notice of acceleration dated October 31, 2017, Rushmore acting as mortgage servicer for U.S. Bank notified Plaintiff that the loan had been accelerated. *See id.* Ex. A, A-6 at 63.

Plaintiff was then provided with a notice of foreclosure sale scheduled for August 7, 2018. *See id.* Ex. A at 5, A-7 at 63. However, on August 6, 2018, Plaintiff filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Texas. *See id.* Ex. A at 5, A-8 at 1, 65. As a result of Plaintiff's bankruptcy filing, the foreclosure sale was not conducted. *See id.* Ex A at 5. The bankruptcy case was dismissed less than a month later on August 27, 2018, due to Plaintiff's failure to file required documents. *See id.* Ex. A, A-9 at 67.

On September 5, 2018, Defendants through their foreclosing attorneys, Mackie Wolf Zientz & Mann, P.C., sent a second Notice of Acceleration of Loan Maturity to Plaintiff and Flores via certified mail to the Property. *See id.* Ex. A, A-10 at 70. According to Defendants' records, there is currently a balance of $80,522.26 due and owing on the Loan. *See id.* Ex. A at 6, A-11 at 75.

Plaintiff filed the underlying lawsuit against Defendants on October 1, 2018, in the 141st Judicial District Court for Tarrant County, Texas. *See* Cause No. 141-303363-18. Defendants removed the case to this Court on October 9, 2018. *See* ECF No. 1. In March 2019, Defendants filed a motion for summary judgment (ECF No. 10), which the Court

denied because Defendants had failed to include exhibits or attachments to their appendix. *See* ECF No. 29. Defendants then filed an unopposed motion for leave to file a second motion for summary judgment, which the Court granted. *See* ECF No. 37. Accordingly, on September 30, 2019, Defendants filed their second motion for summary judgment. ECF No. 38.

On October 21, 2019, Plaintiff filed a motion to extend her time to respond to the second motion for summary judgment, which the Court granted. *See* ECF No. 42. And on November 4, 2019, Plaintiff filed a second motion to extend her time to respond, which the Court also granted. *See* ECF No. 44. Thus, Plaintiff's new deadline to respond to Defendants' second motion for summary judgment was November 12, 2019. *See id.* However, as of the date of this order, Plaintiff has still not filed a response, and Defendants' second motion for summary judgment is now ripe for review.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655

F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor . . . unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

# ANALYSIS

## A.  U.S. Bank's and Rushmore's Standing

Plaintiff's primary contention is that Defendants do not have standing to conduct a foreclosure sale on the Property. *See* Pl.'s Orig. Pet. at ¶ 4, ECF No. 1-1. In their motion for summary judgment, Defendants contend that the law and facts establish that U.S. Bank has standing as the holder and owner of the Note and as the mortgagee and that Rushmore has standing as U.S. Bank's mortgage servicer. *See* Defs' MSJ Br., ECF No. 39 at 13–17.

Under Texas law, a mortgagee has standing to foreclose. *See* TEX. PROP. CODE § 51.0025. To be a mortgagee, one must be the grantee, beneficiary, owner, holder of the security instrument, or one may be the last person to whom the security interest was assigned of record. *Id.* § 51.0001(4); *Reinagel v. Deutsche Bank Nat. Tr. Co.*, 735 F.3d 220, 223 (5th Cir. 2013). Defendants' summary judgment evidence establishes that U.S. Bank is a mortgagee because it is the last party to whom the security instrument was assigned of record. *See* Defs.' MSJ App'x Ex. A at 4, A-3 at 34. Rushmore, as the mortgage servicer for U.S. Bank, has authority to foreclose because the Texas Property Code provides that "[a] 'mortgagee' may enforce a security instrument through a nonjudicial foreclosure sale, . . . through a mortgage servicer." TEX. PROP. CODE § 51.0025; *see also Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 254 (5th Cir. 2013).

Accordingly, U.S. Bank has the standing and authority to enforce the Security Instrument by conducting a foreclosure sale of the Property through its mortgage servicer Rushmore. Therefore, Plaintiff's claim that Defendants lack standing to foreclose is **DISMISSED with prejudice.**

B.   **Texas Property Code Violations**

Plaintiff alleges that Defendants violated section 51.002 (b) and (d) of the Texas Property Code by sending foreclosure notices without the authority to do so. *See* Pl.'s Orig. Pet. at ¶ 6. Because the Court has already granted summary judgment as to Plaintiff's standing claim, Plaintiff's property code claim that is also predicated on Defendants' purported lack of standing likewise fails. However, in the interest of thoroughness, the Court examines Defendants' foreclosure notices and finds that they satisfy the Texas Property Code.

To comply with the Texas Property Code's notice requirements, a party that intends to foreclose must provide the owners with a notice of default and right to cure and then a notice of sale. TEX. PROP. CODE § 51.002 (b), (d); *Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 855–56 (5th Cir. 2009). The notice of default must be served on the debtor by certified mail and must give the debtor at least twenty days to cure the default. *Rodriguez*, 306 F. App'x at 855; TEX. PROP. CODE § 51.002(d). "Once that twenty-day notice period expires, notice of the sale must be served by certified mail on each debtor who is obligated to pay the debt according to the records of the mortgage servicer." *Id.* at 856 (citing TEX. PROP. CODE § 51.002(b)(3)). The notice of sale "must be provided at least twenty-one days before the date of sale and include a statement of the earliest time the sale would begin." *Id.* (citing TEX. PROP. CODE § 51.002(b)).

The uncontested summary judgment record establishes that on August 18, 2017, Defendants sent the Notice of Default to Plaintiff's and Flores's last known address via United States certified mail. *See* Ex. A at 1, A-5 at 46. This mailing gave Plaintiff and

Flores notice of default, notice of Defendants' intent to accelerate, and the action required to cure the default. *Id.* Seventy-four days later, on October 31, 2017, Defendants through their foreclosing attorneys sent Plaintiff and Flores a notice of acceleration. *See* Ex. A at 4, A-6 at 62. Finally, Defendants through their foreclosing attorneys sent Plaintiff and Flores a notice of foreclosure sale scheduled for August 7, 2018. Ex. A-7 at 64. These notices advised Plaintiff and Flores that the loan was in default, that the default had not been cured, that the note had been accelerated, and that the Property was set for a foreclosure sale. Exs. A at 4–5, A-5 at 46, A-6 at 62, & A-7 at 64. Therefore, the Court finds that Defendants complied with the notice requirements under section 51.002 of the Texas Property Code and are entitled to summary judgment on Plaintiff's claims under the Texas Property Code.

Accordingly, Plaintiff's claims under the Texas Property Code are **DISMISSED with prejudice.**

C.     **Texas Debt Collection Act**

Plaintiff asserts that Defendants violated several sections of the Texas Debt Collection Act ("TDCA"). *See* Pl.'s Pet. at ¶ 5; TEX. FIN. CODE §§ 392.301(a)(8), 392.303(a)(2), 392.304(a)(8), and (a)(19). Defendants assert that they are entitled to summary judgment on this TDCA claim because their actions were warranted given that the loan was in default and because Plaintiff has failed to establish Defendants' actual conduct that violated the TDCA. Defs' MSJ Br. at 12, ECF No. 39. The Court agrees with Defendants.

*First*, Plaintiff's section 392.301(a)(8) claim fails because it is predicated on lack of section 51.002 foreclosure notices, which are in turn predicated on Defendants' lack of

8

capacity. Therefore, because the Court has already granted summary judgment on Plaintiff's standing and Texas Property Code claims, Defendants are entitled to summary judgment on Plaintiff's section 392.301(a)(8) claim. *Second*, Plaintiff's section 392.303(a)(2) claim fails because she fails to identify or specify the charges she claims are unauthorized. *See Tetro v. CitiMortgage, Inc.*, No. 4:11-CV-582-Y, 2013 WL 1194480, at *6 (N.D. Tex. Mar. 25, 2013) (granting summary judgment against mortgage borrowers on their section 392.301(a)(2) claim because "[A]lthough the Tetros cite various documents in their appendix . . . they do not explain which fees were unauthorized or demonstrate how they were unauthorized"). *Third*, Plaintiff's section 392.304(a)(8) and (a)(19) claims fail because section 392.304 claims require evidence of a false or misleading affirmative statement by Defendants, and Plaintiff fails to set forth any evidence to support such a misrepresentation. *See Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015) (affirming summary judgment on section 392.304 claim because the plaintiffs were aware that they had a mortgage debt; of the specific amount that they owed; and that they had defaulted, and nothing in the record suggested that the mortgage company had stated otherwise).

Therefore, Plaintiff's claims under the TDCA are **DISMISSED with prejudice.**

### D. Plaintiff's Breach of Contract Claim

Plaintiff alleges in the alternative that Defendants' actions in sending foreclosure notices breached the terms of the Deed of Trust, and thus Defendants have no right to the foreclosure of the Deed of Trust lien against the Property. *See* Pl.'s Pet. at ¶ 7. Defendants seek summary judgment on Plaintiff's breach of contract claim on the grounds that Plaintiff

9

lacks standing to bring a breach of contract claim and because the prior default for missed payments prevents Plaintiff from maintaining a breach of contract claim. Defs' MSJ Br. at 13–15, ECF No. 39.

As an initial matter, the Court based on its review of Plaintiff's breach of contract claim finds that Plaintiff has failed to identify which provision of the Deed of Trust was allegedly violated. Thus, Plaintiff's breach of contract claim cannot survive summary judgment. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (finding plaintiffs' allegation that defendants "breached the deed of trust" failed to state a claim for breach where the plaintiffs failed to identify which provision of the deed of trust defendants allegedly breached); *Coleman v. Bank of America, N.A.*, No. 3:11-CV-0430-G, 2011 WL 2516169, at *1 (N.D. Tex. May 27, 2011) (finding breach of contract claim failed where "plaintiff point[ed] to no specific provision in the Deed of Trust that was breached by defendant"), *rec. adopted*, 2011 WL 2516668 (N.D. Tex. June 22, 2011).

The Court further notes that Plaintiff's breach of contract claim appears to be a repackaging of her Texas Property Code claim. *See* Pl.'s Orig. Pet. at ¶ 7 ("The efforts of Defendants to enforce the lien of the Deed of Trust were noticed in a form and manner not fully compliant with Chapter 51, Texas Property Code, which constitutes a breach of contract between the parties."). Therefore, because the Court has already concluded that Plaintiff's Texas Property Code claim fails, the Court concludes that her breach of contract claim, predicated on the same alleged violations of the Texas Property Code, likewise fails. *See Gossett v. Fed. Home Loan Mortg. Corp.*, 919 F. Supp. 2d 852, 860 (S.D. Tex. 2013) (granting summary judgment on mortgagor's breach of contract claim when the summary

judgment record established that proper and timely foreclosure notices were sent to mortgagor).

But even if Plaintiff had demonstrated that Defendants' failure to provide appropriate foreclosure notices violated the Deed of Trust, her breach of contract claim would still lack merit because no foreclosure sale has occurred in this case. Therefore, Plaintiff cannot establish damages sustained as a result of the alleged breach of contract. *See Peoples v. BAC Home Loans Servicing, LP*, 2011 WL 1107211, at *4 (N.D. Tex. Mar. 25, 2011) (McBryde, J.) (granting summary judgment when mortgagor failed to establish she actually sustained damages for breach of contract claim when no foreclosure had occurred, mortgagor remained in continuous possession and occupation of the residence, and title remained in mortgagor's name).

Accordingly, Plaintiff's claim for breach of contract is **DISMISSED with prejudice.**

E.  **Plaintiff's Texas Estates Code and Texas Business Organizations Code Claims**

Plaintiff also alleges that Defendants have failed to comply with the Texas Estates Code and Texas Business Organizations Code. *See* Pl.'s Orig. Pet. at ¶ 8.

With regard to the Texas Estates Code, Plaintiff argues that Defendants have not complied with section 505.004. *Id.* at 9. Section 505.004 establishes that a foreign fiduciary is required to appoint the Secretary of State as the person on whom notices and processes issued by a court in Texas may be served and that it must also designate the name and address of an agent to whom the Secretary of State shall forward said notices and process. TEX. EST. CODE § 505.004 (2), (3).

11

The summary judgment record here establishes that U.S. Bank complied with these requirements by submitting a Probate Code Filing with the Texas Secretary of State on May 11, 1994. *See* Ex. B at 81, B-1 at 84, ECF No. 40. Within that filing, U.S. Bank appointed the Texas Secretary of State as agent for service of process, and designated F. Kristen Kopecke in Cincinnati, Ohio as agent to whom all processes could be forwarded. *Id.* at B-1 at 86–87. U.S. Bank eventually amended its probate code filing by designating CT Corporation System of Dallas, Texas as the designee to whom process should be served. *Id.* at B-2 at 104.

Plaintiff also alleges that under the Texas Business and Organizations Code, U.S. Bank does not have the authority to enforce its rights. *See* Pl.'s Orig. Pet. at ¶ 8. However, the registration requirements of section 9.001 do not prohibit holders in due course or bona fide purchasers for value from filing suit or enforcing the terms of a negotiable instrument, nor do they prohibit a mortgagee from enforcing a mortgage lien. *See* TEX. BUS. ORGS. CODE §§ 9.001, 9.051(c), 9.251(12)(C); *Bierwirth v. Fed. Nat. Mortg. Ass'n*, No. 03-13-00076-CV, 2014 WL 902541, at *1 (Tex. App.—Austin Mar. 6, 2014, no pet.) (holding that enforcing rights under a mortgage "did not constitute the transaction of business in Texas and did not require registration" under chapter nine of the Texas Business Organizations Code).

Therefore, Plaintiff's claims under the Texas Estates Code and Texas Business Organizations Code are **DISMISSED with prejudice.**

## F. Injunctive Relief

Defendants also move for summary judgment on Plaintiff's request for injunctive relief. Defs.' MSJ Brief at 16. To prevail on a claim for injunctive relief, a plaintiff must show, among other things, "a substantial likelihood of success on the merits." *DSC Commc'ns Corp. v. DGI Techs.*, Inc., 81 F.3d 597, 600 (5th Cir. 1996). Having held that Defendants are entitled to summary judgment on all of Plaintiff's substantive claims, Plaintiff has not presented the Court with a valid underlying claim, let alone a claim upon which she has a substantial likelihood of success on the merits. *See Onyancha v. First Horizon Home Loan Corp.*, 3:13-CV-4012-N-BK, 2015 WL 12532192, at *3 (N.D. Tex. Jan. 8, 2015) ("As stated herein, summary judgment in favor of Defendants is merited on Plaintiffs' substantive claims; therefore, Plaintiffs are not entitled to injunctive relief."), *report and recommendation adopted*, 3:13-CV-4012-N-BK, 2015 WL 509312 (N.D. Tex. Feb. 6, 2015).

Therefore, Plaintiff's request for injunctive relief is **DISMISSED with prejudice.**

## F. Declaratory Judgment

Finally, Defendants seek summary judgment on Plaintiff's request for declaratory judgment. Defs' MSJ Brief at 17. The Court cannot grant a declaratory judgment when there is no viable claim for relief because a declaratory judgment is not an independent cause of action. *See Gibbs v. Ocwen Loan Servicing, LLC*, No. 3:14-CV-1153-M, 2014 WL 4414809, at *9 (N.D. Tex. Sept. 5, 2014); *Franklin v. BAC Home Loans Servicing, LP,* No. 3:10-CV-1174-M, 2012 WL 2679496, at *12 (N.D. Tex. June 6, 2012).

Because none of Plaintiff's claims have survived Defendants' Motion for Summary Judgment, Plaintiff's request for a declaratory judgment is **DISMISSED with prejudice.**

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Second Motion for Summary Judgment (ECF No. 38) should be and is hereby **GRANTED.** Accordingly, Reyes's claims against Defendants are hereby **DISMISSED with prejudice.**

**SO ORDERED** on this **31st day** of **December, 2019**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE